JUDGE DANIELS

10 CV 5691

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
INTERNATIONAL ACCESSORIES
CORPORATION
                              Plaintiff, :   Civil Action No.

         -against-             :   **COMPLAINT AND JURY DEMAND**

MOSAICON USA, INC.

                              Defendant :
---------------------------------------------------------- X

U.S.D.C. S.D.N.Y.
CASHIERS
JUL 27 2010

      Plaintiff International Accessories Corporation ("Plaintiff" or "IAC"), by and through its undersigned attorneys, Sheppard Mullin Richter & Hampton, LLP, as and for its Complaint against Defendant Mosaicon USA, Inc. ("Defendant" or "Mosaicon"), alleges as follows.

## PRELIMINARY STATEMENT

      Plaintiff and non-party Biasia Francesco S.p.A. ("Biasia"), an Italian manufacturer of leather goods, were parties to a Distribution and Agency Agreement dated as of July 16, 2004 (the "Distribution Agreement"). Pursuant to that Distribution Agreement, Plaintiff was appointed as the exclusive distributor of, and agent for, the sale of certain of Biasia's products.

      However, despite Defendant's knowledge of the Distribution Agreement, Defendant, directly and/or through its agents, has acted as a distributor of, and agent for, the sale of Biasia handbags in violation of the terms of the Distribution Agreement. Among other things, in contravention of the terms of the Distributorship Agreement and to Plaintiff's financial detriment, Defendant has participated in the unauthorized opening and operation of several Florida stores that sell Biasia handbags, and has otherwise acted as a distributor of and/or agent

for Biasia's products. In doing so, Defendant has interfered with Plaintiff's rights under the Distribution Agreement, and caused Biasia to breach that agreement.

Accordingly, Plaintiff brings this action to recover for the harm caused by Defendant's tortious interference and resulting unjust enrichment.

## THE PARTIES

1. Plaintiff IAC ("Plaintiff" or "IAC") is a company incorporated under the Laws of California, with its nerve center in California.

2. Defendant Mosaicon USA, Inc. ("Defendant" or "Mosaicon") is a Delaware corporation, registered to do business in New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy is over $75,000.

4. Under 28 U.S.C. §1391, venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this district and because Defendant is subject to personal jurisdiction in this District.

## RELEVANT BACKGROUND FACTS

### A. Plaintiff Enters Into An Exclusive Distribution And Agency Agreement With Biasia To Sell Biasia Products In The Territory

5. Biasia is an Italian design house in the business of the design and manufacture of leather goods.

6. On or around July 14, 2004, Plaintiff, as "Distributor," and Biasia entered into the Distribution Agreement.

7. Pursuant to the Distribution Agreement, Plaintiff was appointed as "the exclusive distributor of BIASA products, or the exclusive agent of BIASIA, as applicable, in the Territory."

8. The Distribution Agreement defines "Territory" to include the United States of America, and its possessions and territories, Canada, countries in the Caribbean, and Bermuda.

9. The Distribution Agreement defines "Products" as:

> products directly or indirectly manufactured, marketed and/or sold by BIASIA from time to time that are (i) selected for distribution by the Distributor as listed in Schedule 2 attached hereto, as such Schedule may be modified from time to time by the mutual agreement of the Parties, or sold pursuant to Section 12 for which Distributor acts as agent; and (ii) either: (a) branded as, or bearing a tradename, trademark, service mark, trade dress, copyright, logo, design or other identifying mark or label that is or includes the word or words, "FRANCESCO BIASIA," "BIASIA," "CLAUDIO BIASIA," "F. BIASIA," or any component or element thereof, including, but not limited to, any typographical, graphical or design presentation of such word or words and any abbreviations, contractions and amalgamations of such word or words, and including, but not limited to, any "spin off(s)" of such; or (b) any products manufactured directly or indirectly (on a contract manufacturing, joint venture or other basis) by BIASIA for sale, marketing or distribution in the Territory under the label of a business or entity (other than BIASIA or the Distributor) (i.e., "private label") operating in the Territory (by marketing, distribution, sales or other corporate activities) as to which BIASIA plays any role or participates in sale, marketing or distribution (which for the purpose hereof shall not include the manufacturing, production, sale and delivery by BIASIA of such Products in the Territory to the owner or distributor of such private label). The term "Products" shall also include any closeout sales or assignments of any of the products directly or indirectly manufactured, marketed and/or sold by BIASIA from time to time in the Territory which are included in clause (ii)(a) or (b) above in the preceding sentence, even if such are not within the scope of clause (i) above in the preceding sentence.

10. Pursuant to Section 2.1 of the Distribution Agreement, Plaintiff was expressly appointed as the exclusive distributor of Biasia's Products (the "Exclusive Distributor Provision").

11. Specifically, Section 2.1 of the Distribution Agreement provides that:

> Subject to the terms and conditions set forth herein, BIASIA appoints the Distributor as its exclusive distributor to market and distribute the Products in the Territory on the terms of this Agreement. During the term of this Agreement, BIASIA shall not appoint or use any other person or entity to sell or distribute the Products in the Territory, nor shall BIASIA have any right to sell, distribute, assign, license, deliver, or employ an agent to do any of the foregoing, in the Territory any Products except as expressly permitted hereunder.

12. In addition, pursuant to Section 12.1 of the Distribution Agreement, Plaintiff was expressly appointed as the exclusive agent of Biasia's Products (the "Exclusive Agent Provision").

13. Specifically, Section 12.1 of the Distribution Agreement, entitled "Biasia's Right To Sell In Territory Subject To Distributor's Appointment As Exclusive Agent," provides that:

> Notwithstanding the exclusivity of the distributorship granted to the Distributor hereunder, BIASIA hereby appoints the Distributor, and the Distributor hereby accepts such appointment, as BIASIA'S exclusive import agent and sales representative in the Territory for direct sales of the Products so such customers in the Territory as are mutually agreed by BIASIA and the Distributor. During the term of this Agreement, BIASIA shall not appoint any other person or entity as its import agent to any party in the Territory other than through the Distributor as agent and after mutual agreement as to customers.

14. In addition, Section 2.2 requires that if Biasia wanted to open a store in the Territory, Biasia was required to obtain Plaintiff's written consent prior to any such store opening.

15. Specifically, Section 2.2 of the Distribution Agreement provides, in relevant part, that:

> The opening of any stores by BIASIA in the Territory, whether by means of franchising or otherwise, shall require the Distributor's prior written consent (which will not unreasonably be withheld) and shall be pursuant to the terms and conditions of Distributor's exclusive distributorship or exclusive agency relationship, as applicable, set forth in this Agreement.

**B.     Defendant's Tortious Interference With The Distribution Agreement**

16.     As explained above, pursuant to the terms of the Distribution Agreement, Biasia: (1) appointed Plaintiff as Biasia's Exclusive Distributor, as set forth in the Exclusive Distributor Provision, (2) appointed Plaintiff as Biasia's Exclusive Agent, as set forth in the Exclusive Agent Provision, and (3) agreed that Biasia itself would not open any stores in the Territory without first obtaining Plaintiff's prior written consent.

17.     Defendant Mosaicon is a distributor of goods who, at all relevant times, was aware of the terms of the Distribution Agreement entered into by Plaintiff and Biasia, including, but not limited to, the Exclusive Distributor Provision, the Exclusive Agent Provision, and the requirement that Biasia obtain Plaintiff's written consent prior to opening any stores in the Territory.

18.     However, despite Defendant's knowledge and awareness of the terms of the Distribution Agreement, Defendant intentionally caused Biasia to breach the Distribution Agreement.

19.     Indeed, in contravention of the Distribution Agreement, during the term of the Distribution Agreement, Defendant: (1) acted as a distributor for Biasia, in violation of the Exclusive Distributor Provision, (2) acted as Biasia's agent, in violation of the Exclusive Agent Provision, and (3) opened and operated stores in the Territory without Biasia's having first obtained Plaintiff's prior written consent.

20.     Among other wrongful acts, Defendant caused one or more stores to open in Florida that sell Biasia Products and, upon information and belief, directly and/or indirectly, sold Biasia Products within the Territory through retailers and through third-party websites.

21. As a result of the foregoing, Defendant interfered with, and caused Biasia to breach the terms of the Distribution Agreement.

## C. **The Damage Done**

22. As a result of Defendant's interference, Biasia breached the terms of the Distribution Agreement, and Plaintiff was deprived of the benefit of the sales of the Products that Defendant sold in the Territory, including, but not limited to, the revenue to which Plaintiff was otherwise entitled under the Distribution Agreement.

23. As a result, Defendant's sales of Products in the Territory has caused harm to Plaintiff in an amount to be determined by the trier of fact.

## FIRST CAUSE OF ACTION: TORTIOUS INTERFERENCE

24. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

25. The Distribution Agreement is a binding and enforceable contract between Plaintiff and third party Biasia.

26. Defendant was aware of the terms of the Distribution Agreement between Plaintiff and Biasia, including, but not limited to, the terms of the exclusivity provisions contained in Sections 2.1 and 12.1, and the prohibition against opening any Biasia stores in the Territory without Plaintiff's prior written consent, as set forth in Section 2.2.

27. Nonetheless, Defendant intentionally, maliciously, and without any reasonable justification, procured Biasia's breaches of the Distribution Agreement.

28. Plaintiff has been damaged by Defendant's interference with the Distribution Agreement and breaches thereof in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

29. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

30. As explained herein, as a result of Defendant's tortious interference with the Distribution Agreement, Defendant received monies to which Plaintiff was entitled under the Distribution Agreement.

31. As a result, Defendant has been unjustly enriched at the expense of the Plaintiff.

32. It would be inequitable to permit Defendant to be unjustly enriched at the expense of Plaintiff and, therefore, Defendant should be required to disgorge the amount of this unjust enrichment to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on any and all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in its favor and against Defendant, providing for the following relief:

    i.    An award of damages relating to Defendant's tortious interference with the Distribution Agreement between Plaintiff and Biasia in an amount to be determined by the Court;

    ii.    For an accounting to Plaintiff of all sales and profits by Defendant of Biasia Products within the Territory; and

    iii.    For such other and further relief as the Court deems just and proper.

Dated: July 27, 2010

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

_____
Daniel L. Brown (DB0906)
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
*Attorneys for Plaintiff International Accessories Corporation.*